UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VAN GABRIEL** | **CIVIL ACTION** |
| **VERSUS** | **NO.  11-0295** |
| **MARLIN GUSMAN, SHERIFF, ET AL.** | **SECTION "I"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

**I.      Factual Summary**

The plaintiff, Van Gabriel ("Gabriel"), is currently incarcerated at Templeman Jail, within the Orleans Parish prison system, in New Orleans, Louisiana.  Gabriel filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman, Deputy Kevin Lewis and the medical staff, seeking monetary damages for the alleged failure to provide adequate medical care.  Gabriel alleges that on September 19, 2010 he was involved in an accident that led to his incarceration.[1]  He contends that the accident caused him to break his left arm.  He alleges that he reported his injuries to Officer Faulkner, his arresting

---

[1] Gabriel does not provide the Court with any specifics as to the accident which led to his incarceration.

officer, and Officer K. Lewis, his booking deputy. He was given an ibuprofin by the medical staff but did not otherwise receive treatment. A week later, he received a cast setting for his injuries.

Gabriel contends that the defendants were deliberately indifferent to his medical needs. He seeks damages for the pain and suffering he endured and also seeks federal intervention and oversight over the administrative operations of the jail. Further, he seeks "removal of deliberate indifference on the part of the administration at Orleans Parish Prison." (R. Doc. 1, p. 5.)

## II. Standards of Review

Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176

(5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

    **A.   Sheriff Gusman**

Gabriel named Sheriff Gusman as a defendant.  However, a review of the complaint reveals that he has failed to set forth any specific allegations against this Defendant which would entitle him to relief.  Under a broad reading of the Complaint, Gabriel has named Gusman as a Defendant because he is the Sheriff of the Orleans Parish Prison and responsible for the facility.

A supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate, whether a deputy or doctor, allegedly violated the plaintiff's constitutional rights.  *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979).  He may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."  *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

In this case, Gabriel fails to allege that Sheriff Gusman was personally involved in his medical care.  An official is deliberately indifferent to an inmate's medical needs or safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Gabriel has not alleged that Sheriff Gusman was in any way

personally aware of his medical condition, treatment, or any risk to his personal safety.  Therefore, Gabriel's claims against Sheriff Gusman are frivolous.

**B.      Remaining Defendants**

Gabriel has also named the medical staff and his booking officer, Deputy Lewis as Defendants.  Presumably, he seeks to hold the entire medical staff liable because they did not provide him with medical care in a timely fashion.  He also presumably seeks to hold his booking officer liable because he should have done something other than advise the medical staff of his injuries.

The standard of conduct imposed on defendants with respect to medical care of inmates was clearly established by the Supreme Court in *Estelle v. Gamble*, 429 U.S. 97 (1976).  In *Estelle*, the Court held that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary wanton infliction of pain," proscribed by the Eighth Amendment.  *Id.* at 104.  This is true where the indifference is manifested by prison doctors in their response to the prisoner's needs.  It is also true where the indifference is manifested by prison officials in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  *Id*.

In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.  *Id*.; *Hare v. City of Corinth*, 74 F.3d 633, 636 (5th Cir. 1996).  Further, disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs.  *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).  Therefore, inadequate medical treatment of inmates may, at a certain point, rise to the level of a constitutional violation, while malpractice or negligent care does not.  *Williams v. Treen*, 671 F.2d 892, 901 (5th

Cir. 1982) ("mere negligence in giving or *failing to supply* medical treatment would not support an action under Section 1983" (emphasis added)); *see also Jackson v. Cain*, 864 F.2d 1235, 1246 (5th Cir. 1989).

In this case, Gabriel failed to allege facts sufficient to establish that the defendants knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. He fails to allege facts sufficient to satisfy the stringent "deliberate indifference" standard. To the contrary, Gabriel alleges that he received ibuprofen for his injuries. A week later, he received a cast for his broken arm. This is further supported by the grievance forms attached to his complaint which indicate that he has and continues to receive medications for pain management, has had X-rays, and received a cast.

Gabriel makes no allegations that the actual treatment he received was inadequate. Instead, his only complaint is that the medical care he did receive was not timely. However, delayed medical care is not sufficient to establish a constitutional violation. *See Smith v. Montefiore Med. Ctr. Health Servs. Div.,* 22 F.Supp.2d 275 (S.D.N.Y. 1998). Therefore, Gabriel's claims are frivolous and should be dismissed pursuant to § 1915(e), § 1915A, and § 1997e.

## IV. Recommendation

It is therefore **RECOMMENDED** that Gabriel's § 1983 claims against Marlin Gusman , the Medical Staff and Deputy Kevin Lewis be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e), § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

        New Orleans, Louisiana, this 4th day of May, 2011.

        _____
        **KAREN WELLS ROBY**
        **UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.